# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 2305015737 |
| | ) | 2308007882 |
| JEWAAN HOPSON-EL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On this 7th day of April, 2025, upon consideration of Defendant Jewaan Hopson-El's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.      On April 8, 2024, Defendant pleaded guilty to (1) Possession of Controlled Substance with Intent to Distribute; (2) Non-Compliance with Bond Conditions; (3) Resisting Arrest;  and (4) Carrying a Concealed Deadly Weapon.[2] On May 6, 2024, the Court sentenced Defendant to a total of 12 months of of unsuspended time at Level V, followed by six months at Level IV (Work Release), followed by 18 months at Level III.[3]

---

[1] D.Is. 2305015737-14, 2308007882-19 (the Motion).

[2] D.Is. 2305015737-10, 2308007882-15  (Plea Agreement).

[3] A Corrected Sentence Order was issued on May 9, 2024. *See* D.I. 2305015737-13 (Corrected Sentence Order).  Defendant received the following sentence: (1) Possession with Intent to Distribute, 15 years of Level V supervision, suspended after 12 months for 12 months at Level IV Work Release, suspended after six months for 18 months at Level III; (2) Non-Compliance with

2. On January 8, 2025, Defendant filed this Motion, in which he asked the Court to suspend his Level IV Work Release for Level III probation.[4] Defendant requests the modification because (1) he was moved to Sussex County to serve his work release even though he is from Wilmington; (2) he has no job opportunities in Sussex County; (3) his family has to drive an hour and a half to visit him; and (4) he believes that the Work Release does not help him return to society.[5]

3. When considering a motion for modification of sentence, this Court addresses any applicable procedural bars before turning to the merits.[6] This Motion is Defendant's first motion for modification of sentence, so it is not barred as a repetitive request.[7] It is also not subject to Rule 35(b)'s 90-day limit because it does not seek to modify a sentence of imprisonment.[8] The Motion is thus procedurally proper.

4. Defendant's Motion nonetheless fails on the merits. The Level IV Work Release sentence imposed is an appropriate transition sentence that is integral to the Court's overall "sentencing scheme" or "plan."[9] The location for his Work

---

Bond Conditions, five years of Level V supervision, suspended immediately for 18 months at Level III; (3) Resisting Arrest, one year of Level V supervision, suspended immediately for 12 months at Level III. *See id.*

[4] D.Is. 2305015737-14, 2308007882-19

[5] *See id.*

[6] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).

[7] *See Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) ("The Superior Court will not consider repetitive motions for sentence reduction.").

[8] *See* Sup. Ct. Crim. R. 35(b).

[9] *See State v. Redden*, 111 A.3d at 609.

Release is left to the Department of Corrections' determination, and the Court will not micro-manage the Department.[10]

5.    Defendant's sentence is appropriate for all the reasons stated at sentencing.  Accordingly, Defendant's Motion for Sentence Modification is hereby **DENIED**.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

Original to Prothonotary

Cc: Jewann Hopson-El (SBI#00548880)

---

[10] *See State v. Bolling*, 2021 WL 2408426, at *4 (Del. Super. June 14, 2021) (denying request to modify Level IV placement because "[the defendant's] placement and program assignment for completion of his Level IV term is a matter the Court has left to the DOC to determine given his circumstances when he has finished the Level V portion of his sentence.").